## J. B. McCormick *v*. Abraham Blum.

Waiver.   *Manager's lien on crops.   Code* 1892, § 2682.

> Where the manager of a plantation ships cotton produced thereon under his management, to be sold in the market of a neighboring town, he waives his lien as an employe under § 2682, code 1892, and cannot maintain a suit for a conversion of the cotton against a factor who had received the cotton of the consignee, and sold the same, and applied the proceeds to the credit of the plantation or to that of its owner.

From the circuit court of Washington county.

Hon. F. A. Montgomery, Judge.

J. B. McCormick, who was the manager of Mrs. M. G. Smith's plantation during the year 1893, and to whom, as such, she had become indebted in the sum of $615 for his salary for that year, brought suit against Abe Blum for the value of twenty-four bales of cotton, produced under his management of the plantation and alleged to have been taken and converted by Blum to his use while, as the plaintiff alleged, it was subject to plaintiff's statutory lien as an employe.

Among other defenses interposed, was one that the plaintiff had himself shipped the cotton to Greenville for sale in the market of that place, for the account of Mrs. M. G. Smith, and thereby waived his lien as an employe.   It appeared in evidence on the trial that the twenty-four bales of cotton were shipped by the plaintiff to C. H. Smith, the husband of Mrs. M. G. Smith, at the direction of her general agent, S. D. Finlay, and were, by the husband, turned over to N. Goldstein & Co., of which firm defendant was a member, for sale, and that they were sold by this firm, and the proceeds applied to the credit of the plantation, or its owner, Mrs. Smith, the firm of N. Goldstein & Co. having furnished money and supplies for the

operation of the plantation during the year in question. The plaintiff himself testified that he shipped the cotton to be sold in the Greenville market on the direction of Finlay. He had recovered a judgment against Mrs. Smith for the amount of his salary, a year or two previous to the institution of this suit, but had been unable to realize thereon. The defendant moved to exclude all the evidence offered by the plaintiff, because the same showed a waiver of the lien claimed. From the action of the court sustaining this motion, and giving judgment for the defendant, the plaintiff appealed.

*Jayne & Watson*, for the appellant.

There was no waiver of his lien on the part of the appellant. The mere shipment of cotton by an employe to his employer, or his employer's agent, in obedience to his employer's order, will not operate as a waiver of his statutory lien thereon. "Waiver is the intentional relinquishment of a known right." *Powell* v. *Smith*, 74 Miss., 142. The purpose for which the removal was allowed, and for which the consent was given, is important, and the court will not supply the intent or purpose. 69 Ala., 172. There was no proof that the cotton was sold with appellant's consent. It is not the law that the burden of proof is on the plaintiff to show that it was sold or delivered without his consent. *Powell* v. *Smith, supra.*

*A. Lewenthal*, for the appellee.

When the appellant was directed to ship the cotton to Greenville, he knew that the purpose of the shipment was that it might be sold in that market. He offers no explanation of his conduct, and shows no reservation of his claim. His consent to the sale of the cotton is shown by his acts, and it is immaterial that he did not testify that he gave it. 28 Am. & Eng. Enc. L., 528, and cases cited in note 1.

The case of *Powell* v. *Smith*, 74 Miss., 142, relied on by the appellant, rested on a different state of facts from those here

involved.   There the jury could have found for the plaintiff, irrespective of the question of waiver, because some of the cotton bought by the defendant was shipped by the debtor, and not by the manager.   Here, all the cotton was shipped by the manager, and none was purchased by the defendant, who had no claim thereto, save that for his commissions for making the sale.

WOODS, C. J., delivered the opinion of the court.

The cotton on which it is contended for appellant that he had a lien, as overseer or manager of the plantation on which the same was raised under his charge and management, was shipped by appellant himself from that plantation to the market of Greenville, and for the purpose of being sold in that market. It was accordingly, after being received by the consignee at Greenville, placed in the hands of N. Goldstein & Co. (a firm of which it appears appellee was a member), cotton factors at Greenville, for the purpose of sale, and the same was accordingly so sold by Goldstein & Co., and the proceeds passed to the credit of the plantation or that of the owner of the plantation.

It thus appears that the appellant not only consented to do what was done in shipping the cotton to Greenville for the purpose of sale, but that he himself was the very person who so shipped it, and for that purpose, and he is now estopped to assert the lien which he once had and which has been lost by his own act.   This view of the matter is conclusive of the controversy.

*Affirmed.*